FILED
10/23/2024
*Amy McGhee*
CLERK
Missoula County District Court
STATE OF MONTANA
By: Cassandra Rabe
DV-32-2024-0000951-WS
Halligan, Leslie
1.00

Jeffrey B. Smith
NEILSON, SWANSON, DIETRICH, SMITH, PLLC
5705 Grant Creek Rd., Suite A
Missoula, MT 59808
Phone (406) 541-7823
jeff@nsdslawfirm.com

Attorneys for Plaintiff

MONTANA FOURTH JUDICIAL DISTRICT COURT
MISSOULA COUNTY

| TIM SCHREIBER, | Cause No. |
|---|---|
| Plaintiff, | Dept. No. |
| v. | COMPLAINT AND DEMAND FOR JURY TRIAL |
| UNITED PARCEL SERVICE, INC., | |
| Defendant. | |

Plaintiff Tim Schreiber, for his Complaint against United Parcel Service, Inc., states the following:

### I.   PARTIES, JURISDICTION, AND VENUE

1. Plaintiff Tim Schreiber ("Schreiber") is a resident of Missoula County, Montana.

2. Defendant, United Parcel Service, Inc. ("UPS" or "Defendant"), is a Foreign Corporation authorized to do business in Montana, with an

COMPLAINT AND DEMAND FOR JURY TRIAL                                                                                  Page 1

office located in Missoula County, Montana.

3. This Court has jurisdiction, and venue is proper, because this matter concerns a wrongful discharge from employment and wage claim that occurred in Missoula County.

## II.   FACTS

4. Schreiber began work for UPS on or about July 11, 2005.  Schreiber worked out of UPS's office located in Missoula, MT.

5. Schreiber began working with UPS as a pre-loader.

6. Schreiber successfully worked his way up in the ranks of UPS, eventually becoming the Business Manager in Missoula, MT at the end of February 2020.

7. Schreiber held the position of Business Manager until he was unlawfully terminated on or about February 13, 2024.

8. Prior to his termination, Schreiber was outspoken regarding poor decisions which were being made by the leadership of UPS which impacted UPS employees.

9. As a result of reporting such violation of public policy, Schreiber was wrongfully terminated/retaliated against by UPS.

10. UPS notified Schreiber he would be paid for the remainder of February 2024 at the time of his termination, but UPS failed to provide Schreiber with any additional wages after his termination.

11. During his employment, Schreiber had no disciplinary issues and never received a written warning about performance and/or production. He performed his job in a satisfactory manner and had completed his probationary period of employment. He received positive reviews throughout his entire tenure with UPS.

## COUNT ONE: WRONGFUL DISCHARGE

12. Mr. Schreiber restates his allegations contained in paragraphs 1-11.

13. UPS's termination of Schreiber's employment violated Montana's Wrongful Discharge from Employment Act ("WDEA"), Mont. Code Ann. §§ 39-2-901 et seq. (2023), for each of the following reasons:

    a. It was not for good cause;

    b. It violated the express provisions of UPS's written personnel policy;

    c. The reasons UPS gave to justify the termination, if any, are false, and are a pretext to replace an employee who reported a violation of public policy.

14. Schreiber is entitled to damages as provided for under the WDEA.

## COUNT TWO: WAGES UPON SEPARATION

15. Schreiber restates his allegations contained in paragraphs 1-14.

16. UPS violated Montana wage and hour law, Mont. Code Ann. § 39-2-205(1) and (2), by failing to pay all his unpaid wages at the date of

separation, the next regular payday for the pay period during which Schreiber was terminated and/or within 15 days from the date of termination.

17. Schreiber is entitled to all unpaid wages.

## COUNT THREE: PENALTY FOR UNPAID WAGES

18. Schreiber restates his allegations contained in paragraphs 1-17.

19. Due to UPS's violation of Montana wage and hour law for failing to pay Schreiber's wages at the time specific in law, Mont. Code Ann. § 39-3-206, in addition to all of the wages owed, Schreiber is entitled to a penalty of 110% of all wages due and unpaid.

## COUNT FOUR: COSTS AND ATTORNEY'S FEES

20. Schreiber restates his allegations contained in paragraphs 1-19.

21. Due to UPS's violations of Montana wage and hour law, Schreiber is entitled to all of his costs and attorney's fees pursuant to Mont. Code Ann. § 39-3-214.

## JURY DEMAND

22. Schreiber requests a jury trial on all issues triable by jury.

WHEREFORE, Schreiber requests the following relief:

    a. An award of his lost wages and fringe benefits for four years, with interest;

    b. An award of punitive damages;

      c.      An award of his wages owed at the time of his termination;

      d.      A penalty of 110% on all wages due and unpaid;

      e.      An award of costs and attorney's fees;

      f.      Such further relief as the Court deems just.

DATED this 23rd day of October, 2024.

                              /s/ Jeffrey B. Smith
                              Attorneys for Plaintiff